IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


DONALD W. DUNCAN                                                                                    PLAINTIFF


v.                                          No. 4:06CV01296 GH


BENTON POLICE DEPARTMENT                                                          DEFENDANT


**<u>ORDER</u>**

In his September 18th pro se complaint, plaintiff seeks punitive and compensatory damages of $250,000 for false arrest; false imprisonment; cruel and unusual punishment under the 8th Amendment; failure to "Mandarize" him after handcuffing him; the arresting officer was not wearing his required protective vest upon leaving the station; violation of his 1st, 5th, 6th, and 14th Amendment rights, failure to receive due process; destruction of private property; and distributing false, incorrect and perjured documents to plaintiff arising out of an encounter at Wal-Mart. He states that a woman claimed he had hurt her child when plaintiff had used two fingers to slightly move the girl to get to the pharmacy, the woman had then poked plaintiff with her finger until his shoulder hurt and he grabbed her arm, the woman next had the police called, one officer talked to the woman as Richey asked plaintiff to explain and show him what had actually happened, plaintiff from a distance of three or four inches poked the officer as the woman had poked plaintiff, the officer then arrested plaintiff for assaulting him, the police tightly handcuffed plaintiff, they let the woman go after she had made a statement which he never saw, pushed him into the back of the

squad car, and took him to a booking room for fingerprinting where he was released after 75 minutes and his coat was ripped in the process of being returned to him.

Pending before the Court is defendant's October 11th motion to dismiss, supported by separate brief, on the grounds that the named defendant is not an entity or person within the meaning of 42 U.S.C. §1983, that the complaint does not state a claim upon which relief can be granted, and that the cause of action is barred by the doctrine of qualified immunity.

On October 24th, plaintiff filed a response. He states that the Benton Police Department works for the City of Benton just as all listed agencies in the phone book; that there are plenty of grounds for him to receive a trial by jury due to the violation of his constitutional and civil rights such as failing to "Marandize" him after handcuffing him; and that the Equal Access to Justice Act passed in 1980 effectively does away with sovereign immunity and qualified immunity. Plaintiff points to the police letting the woman go who was either high on marijuana or some typ of cocaine product; that he tried to tell the police to look into her eyes so they could see her glazed over eyes and extremely large pupils; and he told the police how she had assaulted him several times, but they arrested the wrong person. He argues that he was arrested for obeying and following the policeman's instructions as Richey took plaintiff around the corner and asked him to tell him what happened, plaintiff told Richey and then showed him what the woman had done to him, Richey then backed up a little and began to cry and mutter saying that he was arresting plaintiff for assaulting a policeman. Plaintiff contends that he Richey had been wearing his protective, bullet proof vest as required when he leaves the station, Richey would never have felt the punch given from less than 3 to 4 inches away from his body.

Defendant filed a reply on October 26th that the officers involved in this mater had probable cause to arrest plaintiff and so his detention was reasonable within the meaning of the Fourth Amendment and is not actionable as a deprivation of constitutional rights. It also discusses the United States Supreme Court's holding that even when a woman was pulled over, berated by an officer, apprehended, arrested, handcuffed, booked, and placed in a jail cell before paying a $50.00 fine due to neither her nor her small children wearing seat belts, there was probable cause and no unreasonableness within the meaning of the Fourth Amendment. Defendant argues that here the complaint itself clearly demonstrates that the officers had an abundance of probable cause to arrest plaintiff and that while its counsel commends and thanks plaintiff for his service to his country, that has nothing to do with the case.

As argued by defendant, Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992), holds "[t]he West Memphis Police Department and West Memphis Paramedic Services are not juridical entities suable as such. They are simply departments or subdivisions of the City government." See also, De La Garza v. Kandiyohi County Jail, Correctional Institution, 18 Fed.Appx. 436, 2001 WL 987542 (8th Cir. 2001). Therefore, the Benton Police Department is not a proper party.

Defendant is also correct – to the extent that the Court could construe the reference to be to the City of Benton – that the City is not liable for the acts of its officers under §1983 and plaintiff has not alleged any **facts** as to an independent ground for liability such as training, supervision, policy or custom as to the City or the officers in their official capacities.

The case of Tobin v. Doe, 2005 WL 701274, *3 (D. Conn. 2005), provides the following legal summary:

In Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court set forth the test for municipal liability. To establish municipal liability for the allegedly unconstitutional actions of a municipal employee, the plaintiff must "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Zahra v. Town of Southold, 48 F.3d 674, 685 (2nd Cir. 1995). Municipal liability cannot be premised on a theory of respondeat superior. See Monell, 436 U.S. at 691.

The plaintiff does not allege the existence of a municipal policy or custom that led to his fall or the delay in the response to his fall by the defendants. One incident of improper action, without more, is insufficient to demonstrate the existence of such a municipal policy or custom unless taken by a final policymaking official. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 820-24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); Dwares v. City of New York, 985 F.2d 94, 100 (2nd Cir. 1993) ("A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy.") Thus, the plaintiff has not alleged facts to support a claim for municipal liability under Monell and the claims against the City of Stamford are dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii)

To the extent that the complaint seeks relief from Richey and the unnamed officers themselves in their individual capacities,[1] defendant has once again correctly asserted qualified immunity under the facts as alleged by plaintiff.

The Eighth Circuit Court of Appeals provided this recent summary of qualified immunity in Kenyon v. Edwards, 462 F.3d 802, 805 (8th Cir. 2006), as follows:

---

[1] Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995), explains:

If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims. See DeYoung v. Patten, 898 F.2d 628, 635 (8th Cir. 1990), overruled on other grounds by Forbes v. Arkansas Educ. Television Communication Network Found., 22 F.3d 1423 (8th Cir.) (en banc), cert. denied, 513 U.S. 995, 115 S.Ct. 500, 130 L.Ed.2d 409 (1994).

Saucier provides the marching orders for courts considering qualified immunity claims. Under Saucier, courts presented with a motion for summary judgment on the basis of qualified immunity undertake a two-step inquiry. The threshold question asks "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" 533 U.S. at 201. If, on the facts as alleged, no constitutional violation could be shown were the allegations established, the inquiry ends, and the defendant is entitled to qualified immunity. "On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." Id. The second question must be asked in a "particularized" sense: " '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " Id. at 202 (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). That is, the essential question at step two is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id.

Defendant has accurately summarized that the complaint describes that the officers conducted an investigation by interviewing the parties and other witnesses, sized up the situation, and decided that the plaintiff should be apprehended, arrested, and processed and then he was thereafter released.

Thus, based on the allegations in the complaint itself, the Court cannot find that the officers' conduct violated a constitutional right. Moreover, even if it could be said that there were such a violation, it would not be clear that a reasonable officer would understand that his conduct in relying on the interviews taken at Wal-Mart would be unlawful.

Accordingly, defendant's October 11th motion (#6) to dismiss is hereby granted.

IT IS SO ORDERED this 16th day of November, 2006.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE